UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIO CRUZ COCHACHE,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, Seattle Field Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; BRUCE SCOTT, Warden, Northwest ICE Processing Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting United States Attorney General; and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>Respondents. | No. 2:26-CV-02741-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, and Petitioner's Motion to Withdraw Pending Motion, ECF No. 9. Petitioner is represented by Peyton K. Jacobsen and Sam Sueoka. Respondents are

represented by Lawrence Joel Van Daley, Sr.

As a preliminary matter, Petitioner requests the Court strike his Motion for Temporary Restraining Order (TRO) as Petitioner's appeal to the Board of Immigration Appeals has been accepted and an Order prohibiting Petitioner's transfer or removal is no longer necessary. The Court notes that the Motion for TRO was granted prior to the filing of this Motion and accordingly construes this Motion as a request to strike the TRO.

Turning to the Habeas Petition, Petitioner, a citizen of Peru, entered the United States on October 4, 2024. He was detained by immigration officials and was released on parole pending immigration proceedings. He then moved to Idaho, where he remained until his recent re-detention.

On September 22, 2025, Petitioner was convicted for Driving Under the Influence. On October 15, 2025, regarding an unrelated incident, Petitioner pled guilty to Accident-Leaving the Scene of an Accident Resulting in Injury or Death. The court suspended the execution of his sentence and placed him on three years of supervised probation.

On May 15, 2026, Petitioner reported to a probation appointment and was detained by ICE agents. Petitioner was not provided with notice or afforded an opportunity to be heard prior to his re-detention.

Petitioner was ordered removed on July 1, 2026. He timely filed his appeal on July 28, 2026.

Petitioner requests the Court order his immediate release from custody, asserting his re-detention was unlawful. Respondents assert Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) as an arriving alien.

Civil immigration detainees who resided in the United States prior to their present detention are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Rodriguez Vasquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025), *aff'd, Rodriguez Vasquez v. Bostock*, No. 25-6842, slip op. at 67 (9th

Cir. 2026). Instead, these individuals are subject to the detention scheme under 8 U.S.C. § 1226. *Id*.

Although Petitioner has prior criminal convictions, it does not appear that any of these convictions subject him to mandatory detention under 8 U.S.C. § 1226(c). When an immigration petitioner is released and later re-detained, that petitioner is held in detention pursuant to § 1226(a) and is therefore not subject to mandatory detention. *See e.g., Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV-00925-RAJ, 2026 WL 1243459 (W.D. Wash. May 6, 2026).

When determining whether a petitioner held under § 1226(a) has received appropriate due process regarding detention, courts in this District apply the three factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. Id. at 335. Courts in this District have routinely determined that a finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Camacho*, 2026 WL 1243459 at *8; *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 26-cv-695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre-deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention.").

//

Under Ninth Circuit caselaw, the status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2024. Second, the risk of deprivation of liberty is high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As to whether Petitioner should be released, the Court notes that Petitioner's re-detainment was the impetus for the pending controversy. Accordingly, Petitioner should be released as that was his status prior to re-detainment. *See Tanner*, 316 F.2d at 908. Furthermore, having a bond hearing at this stage would not cure the underlying constitutional violation. Immediate release is the only way to return the status quo.

Accordingly, **IT IS ORDERED**:

1. Petitioner's Motion to Withdraw, ECF No. 9, is **GRANTED**.

   a. The Temporary Restraining Order entered on August 3, 2026, ECF No. 5, is **STRICKEN**.

2. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

3. **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**.

4. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

5. Respondents shall not re-detain Petitioner without providing pre-

detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

6. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of August 2026.

Stanley A. Bastian
United States District Judge